USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-12-15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

HENRIETTA TITILOLA DANIEL

          *Plaintiff*,

-against-

THE DISTRICT DIRECTOR, UNITED
STATES CITIZENSHIP AND
IMMIGRATION SERVICES

          *Defendant.*

------------------------------------------------------------X

14-cv-2060 (PAC) (SN)

**ORDER ADOPTING REPORT
AND RECOMMENDATION**

HONORABLE PAUL A. CROTTY, United States District Judge:

*Pro se* Plaintiff Henrietta Titilola Daniel seeks judicial review of the United States Citizenship and Immigration Services' ("CIS") denial of her naturalization application pursuant to § 310(c) of the Immigration and Naturalization Act, 8 U.S.C. § 1421(c). Plaintiff argues that she was lawfully admitted for permanent residence and that CIS's decision was not made in a reasonable time. CIS moved for summary judgment.

On January 5, 2015, Magistrate Judge Netburn issued her Report and Recommendation ("R & R), concluding that (1) Plaintiff was not lawfully admitted for permanent residence, and (2) CIS's decision was made in a reasonable time. The Magistrate Judge recommends granting summary judgment. Plaintiff objects, arguing that CIS's delay in deciding Plaintiff's case was inequitable.

For the reasons stated below, the Court adopts the R & R in full and GRANTS CIS's motion for summary judgment.

## BACKGROUND[1]

Plaintiff was born on July 8, 1986 in Lagos, Nigeria. On September 20, 2005 Plaintiff's father, Henry O. Daniel, a naturalized United States citizen, filed a I-130 visa petition on Plaintiff's behalf.

---

[1] The following factual background is taken from the R&R and is not disputed by either party.

1

The I-130 petition classified Plaintiff as an "immediate relative," as she was the child[2] of a United States citizen. On February 6, 2006, Plaintiff applied for a non-immigrant K-4 visa, allowing her to travel to the United States while she awaited the adjudication of her I-130 petition.[3] Plaintiff's non-immigrant K-4 visa was approved on March 28, 2006 and Plaintiff entered the United States on April 1, 2006.

On August 18, 2006, Plaintiff, through counsel, submitted an I-485 application to adjust her status to that of a legal permanent resident in the IR7 visa category, based on her "immediate relative" status as the child of a citizen. On November 13, 2007, while her I-485 adjustment application was still pending, Plaintiff married Oluwaseun Popoola. Her marriage meant that she was no longer a "child" for naturalization purposes and, thus, no longer eligible for an IR7 visa. *See* 8 U.S.C. § 1101(b)(1). Neither Plaintiff, nor her counsel, informed CIS of her changed marital status. On April 2, 2008, CIS approved Plaintiff's I-485 adjustment application, deeming Plaintiff a lawful permanent resident.

On January 8, 2013, Plaintiff filed an N-400 application for naturalization with CIS. In her subsequent interview, Plaintiff reported her November 13, 2007 marriage and provided her marriage certificate. Upon learning of her marriage, CIS determined that Plaintiff's I-485 adjustment was erroneously approved since her marital status changed while her application was pending. Since Plaintiff was, therefore, not yet a lawful permanent resident, she was ineligible to naturalize and CIS denied her application on April 22, 2014.

On March 12, 2014, Plaintiff filed this action, alleging CIS failed to timely decide her application. After CIS denied Plaintiff's naturalization application, Plaintiff wrote to the Court

---

[2] Under § 101(b)(1) of the Immigration and Naturalization Act, a "child" is defined as an "unmarried person under twenty-one years of age." 8 U.S.C. § 1101(b)(1). Plaintiff was nineteen years old, unmarried, and living in Nigeria.

[3] On February 8, 2006, CIS approved Plaintiff's I-130 petition, meaning that she could apply for an immigrant visa. Plaintiff, however, never applied for an immigrant visa and instead entered the United States on her non-immigrant K-4 visa. This has no effect on Plaintiff's naturalization application since her status adjustment became unlawful—regardless of whether she entered on a non-immigrant visa or immigrant visa—upon her marriage.

2

requesting a review of CIS's decision. On May 13, 2014, Magistrate Judge Netburn directed that Plaintiff's letter be incorporated into the complaint and ordered CIS to respond. On July 23, 2014, CIS moved for summary judgment, complying with the *pro se* notice requirements. *See* Local Civ. R. 56.2. The matter was fully briefed on October 27, 2014 and Magistrate Judge Netubrn issued her R & R on January 5, 2015.

## LEGAL STANDARDS

District Courts may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). When no objections are made, the Court reviews the R & R for clear error. *See La Torres v. Walker*, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000). If a party objects, however, the Court conducts a *de novo* review of the contested portions. *See Idlisan v. Mount Sinai Medical Center*, 2015 WL 136012, at * 2 (S.D.N.Y. Jan 9, 2015). Objections made by a party proceeding *pro se* are construed in their best light. *See Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (describing the various forms of solicitude afforded to *pro se* litigants).

District Courts may grant summary judgment when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must "construe all evidence in the light most favorable to the nonmoving party, drawing all inferences and resolving all ambiguities in [her] favor." *Dickerson v. Napolitano*, 604 F.3d 732, 740 (2d Cir. 2010) (citing *LaSalle Bank Nat'l Ass'n v. Nomura Asset Capital Corp.*, 424 F.3d 195, 205 (2d Cir. 2005)). Here, neither party disputes the facts and the issue before the Court is solely a question of law.

## DISCUSSION

### I. Clear Error Review

The R & R determines that since Plaintiff was not yet a legal permanent resident—as her marital status changed while her I-485 adjustment was pending—she was statutorily ineligible for

3

naturalization. Since neither party objects to this determination, the Court has reviewed the record for clear error and finds none.

Magistrate Judge Netubrn carefully scrutinized Plaintiff's naturalization application pursuant to 28 U.S.C. § 1421(c) and correctly concluded that Plaintiff's marriage automatically moved her from the IR7 preference category into the F3 preference category. *See* 8 C.F.R. § 204.2(i)(1)(ii). And within the F3 category, Plaintiff's September 20, 2005 priority date had not occurred, meaning that Plaintiff was ineligible to apply for an I-485 status adjustment.[4] Consequently, Plaintiff was ineligible for naturalization. *See* 8 U.S.C. § 1427(a) ("No person . . . shall be naturalized unless such applicant, [] immediately preceding the date of filing [their] application for naturalization has resided continuously, after being lawfully admitted for permanent residence, within the United States for at least five years").

Accordingly, the Court adopts the R & R's findings and determines that Plaintiff was ineligible for naturalization.

## II. *De Novo* Review

The R & R also recommends rejecting Plaintiff's claim that CIS's delay was unreasonable and recommends denying equitable relief. Since Plaintiff objects to this recommendation, the Court conducts a *de novo* review.

Plaintiff claims that CIS failed to timely decide her I-485 adjustment application, pointing to several examples of individuals whose applications were processed quicker than Plaintiff's. Pl.'s Objection to R & R, Exs. 1, 2. Though no formal deadlines exist, § 6(b) of the Administrative Procedure Act requires that CIS conclude proceedings "within a reasonable time." 5 U.S.C. § 555(b). Reasonableness depends on "the source of delay—e.g., the complexity of the investigation as well as

---

[4] Plaintiff's September 20, 2005 priority date still has not occurred. *See* U.S. DEP'T OF STATE, BUREAU OF CONSULAR AFFAIRS, PUB. NO. 77, VOL. IX, VISA BULLETIN, IMMIGRANT NUMBERS FOR FEBRUARY 2015 (presently, F3 visas are available for applicants with a priority date of January 1, 2004 or earlier).

4

the extent to which the defendant participated in delaying the proceeding." *Reddy v. Commodity Futures Trading Comm'n*, 191 F.3d 109, 120 (2d Cir. 1999).

Plaintiff filed her I-485 adjustment application on August 18, 2006 with the CIS National Benefits Center in Lee's Summit, Missouri. Guerra Decl. ¶ 4. After Plaintiff's file was initially processed, it was sent to the CIS Atlanta Field Office on February 23, 2007. *Id.* at ¶ 5. On March 20, 2007, Plaintiff was interviewed by the CIS Atlanta Field Office. *Id.* at ¶ 6. On June 20, 2007, Plaintiff's counsel contacted the CIS Atlanta Field Office, seeking a status update, and on June 22, 2007, the CIS Atlanta Field Office informed Plaintiff that they were then processing applications received five months earlier than Plaintiff's. *Id.* at ¶¶ 7-8. On April 2, 2008, the CIS Atlanta Field Office approved Plaintiff's I-485 adjustment (not knowing she had since married and become ineligible for adjustment in the IR7 visa category). *Id.* at ¶ 11. In total, Plaintiff's I-485 adjustment application took 18 months.

Plaintiff points to nothing other than the passage of time in support of her claim for unreasonable delay. But the passage of time alone is insufficient to prove unreasonable delay. *See Espin v. Gantner*, 381 F. Supp. 2d 261, 266 (S.D.N.Y. 2005); *see also Scialabba v. Cuellar de Osorio*, 134 S. Ct. 2191, 2196 (2014) ("The immigration process may take years or even decades to complete, due in part to bureaucratic delays associated with reviewing immigration documents and in (still greater) part to long queues for the limited number of visas available each year."). Plaintiff provides no evidence indicating that CIS was culpable or negligent in processing her I-485 application. *See INS v. Miranda*, 459 U.S. 14, 18 (1982) (where "[t]he only indication of negligence is the length of time that the INS took to process respondent's application . . . . we cannot say in the absence of evidence to the contrary that the delay was unwarranted"). Consequently, Plaintiff fails to make the necessary showing required for equitable relief. *Id.* at 17 (requiring evidence of "affirmative misconduct" in order to justify equitable relief).

5

CIS's processing delay may be unfortunate, but it is not unreasonable. Accordingly, neither CIS nor the Court can retroactively adjust Plaintiff's status to that of a legal permanent resident.

## CONCLUSION

For the reasons above, CIS's motion for summary judgment is GRANTED. Pursuant to 28 U.S.C. § 1915(a), any appeal from this order would not be taken in good faith. The Clerk of Court is directed to enter judgment and close this case.

Dated: New York, New York  
March 12, 2015

SO ORDERED

PAUL A. CROTTY  
United States District Judge

Copies mailed to: Henrietta Titilola Daniel  
1134A East 222nd Street  
Apt. #1  
Bronx, NY 10469